TALKIN, MUCCIGROSSO & ROBERTS, L.L.P.
ATTORNEYS AT LAW
40 EXCHANGE PLACE
18TH FLOOR
NEW YORK, NEW YORK 10005

(212) 482-0007 PHONE
(212) 482-1303 FAX
WWW.TALKINLAW.COM
EMAIL: INFO@TALKINLAW.COM

MARYLAND OFFICE:
5100 DORSEY HALL DRIVE
SUITE 100
ELLICOTT CITY, MD 21042
410-964-0300

NEW JERSEY OFFICE:
79 MAIN STREET
SUITE ONE
HACKENSACK, NJ 07601
201-342-6665

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/24/2008

JAN 22 2008

January 21, 2008

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street, Room 650
New York, New York 10007

**MEMO ENDORSED**
P.2

BY HAND DELIVERY AND ECF

                              Re:    United States v. Tremaine Tazewell
                                          07 Cr. 1035 (RMB)

Dear Judge Berman:

       On August 13, 2007, United States Magistrate Judge Andrew Peck set bail for defendant as follows, "One -million dollar personal recognizance bond, cosigned by six financially responsible persons and the grandfather as a seventh person for moral suasion, further supported by $5000,000 cash and property." Detention Hearing Transcript ("hereinafter" Det Hrg), p. 12. Magistrate Peck also required "defendant [] to live with his aunt and uncle, as noticed by – as described by Mr. Talkin[1]." Det Hrg, p. 13. In order to place this requirement in context, at the detention hearing, I argued that the aunt's supervision is further assurance to the Court that defendant will not be a danger to the community. Det Hrg, pp.7, 10. Defendant was released on September 26, 2007, after satisfying all of the bail conditions.

       At the time of his arrest, defendant's fiancé, Takisha Womack was pregnant and she gave premature birth to their child on November 11, 2007. Since that time, defendant has been unable to live with his child because his aunt and uncle, the Bulgers, are elderly and are unable to cope with a

---

   [1] Within defendant's presentment of his bail package to the Magistrate, I stated, "The package also does include home detention with electronic monitoring. He would live in one of the houses that's posted with his aunt and uncle, at 37 Esperanza Court in Baltimore, Maryland. That is in a neighborhood called "Pikesville," which is not the same neighborhood where he's been living before, it's in a different part of Baltimore." Det Hrg., p. 6.

newborn in their home and they do not have room to accommodate the baby and Ms. Womack. For this reason, defendant respectfully requests that his bail conditions be modified to permit him to live at 5407 Summerfield Avenue, Baltimore, Maryland, 21206. This home is owned by defendant and has been posted as collateral as part of defendant's Bond.

Officer Todd Stokes of Pretrial Services in Baltimore, Maryland, who monitors defendant, consents to this application as does the Government, by Assistant United States Attorney David O'Neil.

Thank you for Your Honor's consideration of this request.

Very truly yours,

Sanford Talkin

cc:     AUSA David O'Neil by ECF
        PTS Officer Todd Stokes by fax (w/out attachments)

---

Application denied without prejudice. Counsel may contact the Court Deputy to schedule a conference re: bail modification.

SO ORDERED:
Date: 1-24-08

Richard M. Berman, U.S.D.J.