UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA                :

           - v. -                       :

TREMAIN ARRNEL TAZEWELL,                :    07 Cr. 1035 (RMB)
     a/k/a "Roc,"
     a/k/a "Slim,"                      :

               Defendant.               :

- - - - - - - - - - - - - - - - - - -x


### PARTIES' JOINT REQUESTS TO CHARGE


                         MICHAEL J. GARCIA
                         United States Attorney for the
                         Southern District of New York
                         Attorney for the United States
                              of America

                         ANTONIA M. APPS,
                         KENNETH POLITE
                              Assistant United States
                              Attorneys - Of Counsel


                         SANFORD TALKIN
                         Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

          - v. -                  :

TREMAIN ARRNEL TAZEWELL,          :    07 Cr. 1035 (RMB)
     a/k/a "Roc,"
     a/k/a "Slim,"                :

               Defendant.         :

- - - - - - - - - - - - - - - - -x


### THE PARTIES' JOINT REQUESTS TO CHARGE

          Pursuant to Rule 30 of the Federal Rules of Criminal
Procedure, the parties jointly request that the Court give the
following instructions to the jury, unless otherwise indicated
with respect to a particular instruction.  In instances where the
parties disagree about a particular instruction, the Government's
proposed instruction, or its objection, is set forth in plain
courier font; and the defendants' proposed instruction, or his
objection, is set forth in italicized courier font.

# TABLE OF CONTENTS

**Request No.**                                                        **PAGE**

1.   General Requests . . . . . . . . . . . . . . . . . . . . . . .   1

2.   The Indictment . . . . . . . . . . . . . . . . . . . . . . .   3

3.   Count One: Narcotics Conspiracy: General Instructions. .   5

4.   Elements of Conspiracy . . . . . . . . . . . . . . . . . .   7

5.   First Element -- Existence of the Conspiracy . . . . . .   9

6.   Second Element -- Membership in the Conspiracy . . . . .   17

7.   Overt Acts . . . . . . . . . . . . . . . . . . . . . . . .   23

8.   Count One: Narcotics Conspiracy - Time of Conspiracy . .   24

9.   Count One: Narcotics Conspiracy - Special Interrogatory on
     Drug Quantity . . . . . . . . . . . . . . . . . . . . . . . 25

10.  Venue. . . . . . . . . . . . . . . . . . . . . . . . . . .   27

11.  Video Recordings and Transcripts . . . . . . . . . . . .   29

12.  Admissions by Defendant. . . . . . . . . . . . . . . . .   31

13.  Consciousness of Guilt: False Exculpatory Statements . .   32

14.  Expert Testimony . . . . . . . . . . . . . . . . . . . .   34

15.  Stipulations of Testimony. . . . . . . . . . . . . . . .   36

16.  Stipulation of Facts . . . . . . . . . . . . . . . . . .   37

17.  Accomplice/Cooperating Witness Testimony . . . . . . . .   38

18.  Accomplice Testimony -- Guilty Plea. . . . . . . . . . .   42

19.  Defendant's Right Not to Testify . . . . . . . . . . . .   43

20.  Defendant's Testimony. . . . . . . . . . . . . . . . . .   45

21.  Character Testimony. . . . . . . . . . . . . . . . . . .   46

i

22.  Persons Not On Trial Or Not Indicted . . . . . . . . . .  47

23.  Particular Investigative Techniques Not Required . . . .  49

24.  Law Enforcement Witnesses. . . . . . . . . . . . . . . .  50

25.  Use of Evidence Obtained Pursuant To Search. . . . . . .  51

26.  Uncalled Witness -- Equally Available to Both Sides. . .  52

27.  Preparation of Witnesses . . . . . . . . . . . . . . . .  54

28.  Conclusion . . . . . . . . . . . . . . . . . . . . . . .  55

<u>REQUEST NO. 1</u>

<u>General Requests</u>

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury

b.   Indictment not Evidence

c.   Statements of Court and Counsel not Evidence

d.   Burden of Proof and Presumption of Innocence

e.   Reasonable Doubt

f.   Government Treated Like Any Other Party

g.   Inferences

h.   Definitions and Examples of Direct and Circumstantial Evidence

i.   Credibility of Witnesses

j.   Interest in Outcome

k.   Right to See Exhibits and Have Testimony Read During Deliberations

l.   Sympathy:  Oath as Jurors

m.   Improper Considerations:  Race, Religion, National Origin, Sex or Age

n.   Punishment Is Not to Be Considered by the Jury

o.   Verdict of Guilt or Innocence Must be Unanimous

*<u>Defendant's Objections/Proposed Language</u>*

*1.   The defendant objects to an Interest in Outcome charge (item j).*

2.   The defendant requests that the words "*or lack of evidence*"
     be inserted after "*consideration of all the evidence*" in the
     Court's standard "*burden of proof*" and "*reasonable doubt*"
     charges.

REQUEST NO. 2

The Indictment

The defendant is formally charged in an Indictment.  As I instructed you previously, the Indictment is a charge or accusation.  It is not evidence.  The Indictment in this case contains one count.  Before you begin your deliberations, you will be provided with a copy of the Indictment containing the charges.

Count One charges that TREMAIN TAZEWELL, the defendant, participated with others in a conspiracy to violate the narcotics laws of the United States by distributing heroin or possessing heroin with intent to distribute it.  Count One charges, and I am reading now from the Indictment, that:

> **[The Court is respectfully requested to read Count One of the Indictment, up to the overt acts.]**

Thus, Count One of the Indictment charges that the object, or objective, of the narcotics conspiracy was to distribute heroin, or to possess heroin with the intent to distribute it.

Count One also lists certain specific, or "overt" acts that are alleged to have been committed in furtherance of the conspiracy, as well as the particular statute alleged to have been violated.

That is a summary of the charges in the Indictment.

3

<u>Defendant's Objections/Proposed Language</u>

The defendant requests that the second sentence of this charge read: "It is not in any way evidence of defendant's guilt." The defendant also requests that the following sentence then be added: "The indictment is merely a document to inform the defendant of the charges or accusations against him."

REQUEST NO. 3

Count One: Narcotics Conspiracy - General Instructions

Let me begin by describing to you what a conspiracy means under the law.  As I said before, the defendant is charged with having been a member of a conspiracy to violate certain federal laws relating to narcotics.

What is a conspiracy?  A conspiracy is a kind of criminal partnership -- an agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy -- or agreement -- to violate a federal law, as charged in this Indictment, is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Indeed, you may find a defendant guilty of the crime of conspiracy to violate the federal narcotics laws even if you find that the substantive crime which was the object of the conspiracy – the distribution or possession with intent to distribute a controlled substance – was never actually committed.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful, and no drugs are actually distributed or possessed with intent to distribute.

Adapted from the charges of the Honorable
John G. Koeltl in United States v. Alvarado-

5

<u>Matriller</u>, 94 Cr. 723 (JGK) (S.D.N.Y. 1995),
and the Honorable Harold Baer in <u>United
States</u> v. <u>Martinez</u>, 97 Cr. 313 (HB) (S.D.N.Y.
1997).

<u>See</u> <u>United States</u> v. <u>Labat</u>, 905 F.2d 18, 21
(2d Cir. 1990) ("Since the essence of
conspiracy is the agreement and not the
commission of the substantive offense that is
its objective, the offense of conspiracy may
be established even if the collaborators do
not reach their goal.").

<u>*Defendant's Objections/Proposed Language to Requests 3 to 7*</u>

*The defendant requests that the Conspiracy charges on*

*pages 9 - 18 of the charges used by the Court in <u>United States</u> v.*

*<u>Shawn Young</u>, though admittedly similar to the Government's*

*proposed charge, be used instead of the Government's proposed*

*charges (Requests 3 to 7), absent the withdrawal language on*

*pages 15-16 of the <u>Shawn Young</u> charge.*

6

REQUEST NO. 4

Count One: Narcotics Conspiracy - Elements of Conspiracy

In order to sustain its burden of proof with respect to Count One, the Government must prove beyond a reasonable doubt the following two elements:

First, the Government must prove beyond a reasonable doubt the existence of the conspiracy charged in Count One of the Indictment.  In other words, the Government must prove that there was, in fact, an agreement or understanding to violate those provisions of the law which make it illegal to distribute narcotics, or possess narcotics with the intent to distribute them.

Therefore, the first question for you on Count One is: Did the conspiracy alleged in Count One exist?

Second, the Government must prove beyond a reasonable doubt that the defendant knowingly became a member of the conspiracy.  That is, the Government must prove that TREMAIN TAZEWELL knowingly associated himself with the conspiracy, and participated in the conspiracy to distribute or possess with intent to distribute narcotics.

Now let us separately consider the two elements. First, the existence of each conspiracy; and second, whether the defendant knowingly associated himself with, and participated in, either conspiracy.

7

Adapted from the charges of the Honorable
John G. Koeltl in <u>United States</u> v. <u>Alvarado-
Matriller</u>, 94 Cr. 723 (JGK) (S.D.N.Y. 1995),
and the Honorable Harold Baer in <u>United
States</u> v. <u>Martinez</u>, 97 Cr. 313 (HB) (S.D.N.Y.
1997).

The Government notes that under Section 846,
it is not necessary for the Government to
allege or prove even one overt act.  <u>See</u>
<u>United States</u> v. <u>Shabani</u>, 115 S.Ct. 382, 385
(1994) (Government need not prove commission
of any overt acts in furtherance of
conspiracy in violation of section 846
conspiracy); <u>United States</u> v. <u>Story</u>, 891 F.2d
988, 992 (2d Cir. 1989) ("The only elements
of a section 846 narcotics conspiracy offense
are the existence of a conspiracy and
defendant's willful joining it."); <u>United
States</u> v. <u>Knuckles</u>, 581 F.2d 305, 311 (2d
Cir.), <u>cert. denied</u>, 439 U.S. 986 (1978);
<u>United States</u> v. <u>Bermudez</u>, 526 F.2d 89, 94
(2d Cir. 1975), <u>cert. denied</u>, 425 U.S. 970
(1976).

<u>REQUEST NO. 5</u>

<u>Count One: Narcotics Conspiracy – First Element:
Existence of the Conspiracy</u>

Starting with the first element, what is a conspiracy?
As I mentioned just a few moments ago, a conspiracy is an
agreement or an understanding, between two or more persons, to
accomplish by joint action a criminal or unlawful objective.  In
this instance, the unlawful purposes alleged to be the objects of
the conspiracy alleged in Count One are the distribution of a
controlled substance and the possession of a controlled substance
with the intent to distribute it.

The gist, or the essence, of the crime of conspiracy is
the unlawful agreement between two or more people to violate the
law.  As I mentioned earlier, the ultimate success of the
conspiracy, or the actual commission of the crime that is the
object of the conspiracy, is not required.

The conspiracy alleged in Count One, therefore, is the
<u>agreement</u> to distribute narcotics or the <u>agreement</u> to possess
narcotics with the intent to distribute them.  It is an entirely
distinct and separate offense from the <u>actual</u> distribution of
narcotics, or the <u>actual</u> possession of narcotics with the intent
to distribute it.

Now, to show that a conspiracy existed, the Government
is not required to show that two or more people sat around a
table and entered into a solemn pact, orally or in writing,

9

stating that they had formed a conspiracy to violate the law and spelling out all the details.  Indeed, it would be extraordinary if there were such a formal document or specific oral agreement. Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to the unexpressed understanding.  It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.  From its very nature, a conspiracy is almost invariably secret in its origin and execution.

In order to show that a conspiracy existed, the evidence must show that two or more persons, in some way or manner, either explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan.  Express language or specific words are not required to indicate assent or attachment to a conspiracy.  Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed.  You need only find that the defendant entered into the unlawful agreement alleged in the Indictment with one or more other persons in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose.  The old adage, "actions

10

speak louder than words," applies here.  Often, the only evidence
that is available with respect to the existence of a conspiracy
is that of disconnected acts on the part of the alleged
individual co-conspirators.  When taken all together and
considered as a whole, however, that conduct may warrant the
inference that a conspiracy existed just as conclusively as more
direct proof, such as evidence of an express agreement.

Of course, proof concerning the accomplishment of the
objects of the conspiracy may be the most persuasive evidence of
the existence of the conspiracy itself.  But it is not necessary
that the conspiracy actually succeed in its purpose in order for
you to conclude that the conspiracy existed.

In determining whether the conspiracy charged in Count
One actually existed, you may consider all the evidence of the
acts, conduct and declarations of the alleged conspirators and
the reasonable inferences to be drawn from such evidence.

It is sufficient to establish the existence of a
conspiracy, as I have already said, if, from the proof of all the
relevant facts and circumstances, you find beyond a reasonable
doubt that the minds of at least two alleged co-conspirators met
in an understanding way, to accomplish the objectives of the
conspiracy charged in the Indictment.

In short, as far as the first element of the conspiracy
is concerned, the Government must prove beyond a reasonable doubt

11

that at least two alleged conspirators came to a mutual under-
standing, either spoken or unspoken, to violate the law in the
manner charged in Count One of the Indictment.

<u>Object of Conspiracy</u>

The object of a conspiracy is the illegal goal the co-
conspirators agree or hope to achieve.  Count One of the
Indictment here charges the following object of the conspiracy:
the distribution of heroin and the possession of heroin with the
intent to distribute it.  I will begin by defining the terms
"distribution" and "possession."

<u>"Distribution"</u>

The word "distribution" means the actual, constructive
or attempted transfer of the drug.  To distribute simply means to
deliver, to pass over, to hand over something to another person,
or to cause it to be delivered, passed on or handed over to
another.  Distribution does not require a sale.

<u>"Possession With Intent to Distribute"</u>

What does "possession with intent to distribute" mean?
I will first discuss the concept of "possession."  The legal
concept of possession may differ from the everyday usage of the
term, so let me explain it in some detail.  Actual possession is
what most of us think of as possession; that is, having physical
custody or control of an object, as I possess this pen.  If you
find that a defendant had the controlled substance on his person,

12

therefore, you may find that he had possession of it.  However, a person need not have actual, physical possession -- that is, physical custody of an object -- in order to be in legal possession of it.  If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody at a given moment, and that person has the intent to exercise such control, then he is in legal possession of that article.  This is called "constructive possession."

Control over an object may be demonstrated by the existence of a working relationship between one person having the power or ability to control the item, and another person who has actual physical custody.  The person having control "possesses" the controlled substance because he has an effective working relationship with the people who have actual physical custody of the controlled substance and because he can direct the movement or transfer or disposition of the controlled substance.  In addition, an individual may have possession of an item that is not found on his person, because that individual has a relationship to the location where the item is maintained.  In this manner, for example, a business person may legally possess things that are scattered throughout a number of stores or offices or installations around the country.

More than one person can have control over the same

13

narcotics.  The law recognizes that possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If more than one person has possession of it, as I have defined possession for you, then possession is joint.

Now, let me give you some examples of possession.  I have a pen in my hand.  There should be no doubt in your mind that I physically possess the pen.

Another example:  Let's say I brought in some candy today and left it on my law clerk's desk.  She knows that she can't eat all of that candy; she'd better leave some for me.  I do not physically possess the candy but I do have control over it.  My law clerk also has control over of it.  I can be said to "possess" the candy jointly with my law clerk.

One more example:  Say my father left me a watch when he died, and it is now sitting in a safety deposit box.  My wife and I are the only people who can get into that box.  Do we have possession of the watch?  Absolutely we have possession of it, even though it's in a safety deposit box.

That is what is meant by "possession."  In order to prove "possession with intent to distribute," the Government must prove beyond a reasonable doubt that it was a goal of the conspiracy to possess a controlled substance with a purpose to transfer it to another person.

14

Since you cannot read the defendant's mind, you must make an inference from his behavior. However, you cannot find the defendant guilty unless these inferences convince you beyond a reasonable doubt that the defendant possessed the substances in question with the intent to distribute them. Basically, what you're determining if you find that the defendant had possession of the drugs, is whether the drugs in the defendant's possession, that is, subject to his control in the manner I have indicated, were for his personal use or for the purpose of distribution, or delivery to another.

In order to satisfy the first element, in summary, the Government must prove beyond a reasonable doubt that the defendant distributed a controlled substance, or possessed a controlled substance with the intent to distribute it. Let me note that the Government need prove only that the defendant distributed the controlled substance or that he possessed the controlled substance with the intent to distribute it. The Government need not prove both.

Now is as good a time as any to instruct you that heroin is defined by the law as a controlled substance.

I further instruct you that the purity and the actual quantity of the narcotics involved are not elements of the crimes, so you need not be concerned with that. Let me also instruct you that a defendant need not know the exact nature of

15

the drug.  In other words, you need only find that the co-conspirators agreed either to distribute or to possess with the intent to distribute some quantity of a controlled substance.  I will provide you with a special instruction on drug quantity later during the charge.

> Adapted from the charges of the Honorable John G. Koeltl in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995), and the Honorable Harold Baer in United States v. Martinez, 97 Cr. 313 (HB) (S.D.N.Y. 1997).  See also Sand et al., Modern Federal Jury Instructions, Instr. 56-9, 56-12, and 56-13.

> See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); United States v. Montour, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators.  Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal") (citations omitted).  See also United States v. Rubin, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

> See also United States v. Campuzano, 905 F.2d 677 (2d Cir.) (quantity not an element of § 841 or § 846 offenses; proper not to present question of quantity to jury), cert. denied, 498 U.S. 947 (1990).

16

REQUEST NO. 6

Count One: Narcotics Conspiracy - Second Element: Membership in the Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One existed, then you must next determine the second question: Whether the defendant participated in the conspiracy with knowledge of its unlawful purpose, and in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt that the defendant knowingly and intentionally entered into the conspiracy with a criminal intent -- that is, with a purpose to violate the law -- and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objective.

"Unlawfully," "Intentionally" and "Knowingly" Defined

The terms "unlawfully," "intentionally" and "knowingly" are intended to ensure that if you find that the defendant did join the conspiracy, you also conclude beyond a reasonable doubt that, in doing so, he knew what he was doing; in other words, that he took the actions in question deliberately and voluntarily.

An act is done "knowingly" and "intentionally" if it is done deliberately and purposely; that is, the defendant's acts must have been the product of the defendant's conscious

17

objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

"Unlawfully" simply means contrary to law.  The defendant need not have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  However, you do have before you the evidence of certain acts, statements and conversations alleged to have taken place involving the defendant or in his presence.  The Government contends that these acts, statements and conversations show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purposes of the conspiracy.

The defendant denies that he was a member of the charged conspiracy.  It is for you to determine whether the Government has established to your satisfaction, beyond a reasonable doubt, that such knowledge and intent on the part of the defendant existed.

It is not necessary for the Government to show that the defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part.  To have guilty knowledge, a defendant need not know the full extent of the conspiracy, or all of the activities of all its

18

participants.  It is not even necessary for a defendant to know every other member of a conspiracy.  In fact, a defendant may know only one other member of a conspiracy and still be a co-conspirator.  Nor is it necessary for a defendant to receive any monetary benefit from his participation in a conspiracy, or have a financial stake in the outcome.  It is enough if he participated in the conspiracy unlawfully, intentionally and knowingly, as I have defined those terms.

The duration and extent of a defendant's participation in a conspiracy has no bearing on the issue of his guilt.  He need not have joined a conspiracy at its outset.  He may have joined at any time in its progress, and he will still be held responsible for all that was done before he joined and all that was done during that conspiracy's existence while he was a member.  Each member of a conspiracy may perform separate and distinct acts.  Some conspirators play major roles, while others play minor roles in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

However, I want to caution you that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even coupled with knowledge

19

that a crime is taking place, is not sufficient to support a conviction.  In other words, knowledge without agreement and participation is not sufficient.  What is necessary is that a defendant participated in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

I instruct you that in determining whether the defendant is a member of the conspiracy charged in Count One of the Indictment, you need not determine the precise quantity of narcotics involved.  Indeed, the quantity of narcotics involved does not matter for this purpose.  Thus, if you find beyond a

20

reasonable doubt that the defendant conspired to distribute or possess with intent to distribute any amount of narcotics, check the corresponding item marked "guilty" on the verdict form.    If you find, however, that the Government has not proven beyond a reasonable doubt that the defendant conspired to distribute or possess with intent to distribute any amount of narcotics, then you should check the corresponding item marked "not guilty" next to Count One on the verdict form.

In a few moments I will instruct you more specifically about the findings you should make concerning quantity if you find the defendant guilty of the conspiracy charged in Count One of the Indictment.

> Adapted from the charges of the Honorable John G. Koeltl in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995), and the Honorable Harold Baer in United States v. Martinez, 97 Cr. 313 (HB) (S.D.N.Y. 1997), and from Sand, Modern Federal Jury Instructions, Instr. 19-6 and 56-18, and from United States v. Townsend, 987 F.2d 927 (2d Cir. 1993) (defining "intentionally").
>
> See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.").  See also United States v. Miranda-Ortiz, 926 F.2d 172, 175-76 (2d Cir.) (generally discussing proof required to show membership in conspiracy), cert. denied, 112 S. Ct. 347 (1991); United States v.

21

Maldonado-Rivera, 922 F.2d 934, 960 (2d Cir. 1990) (same), cert. denied, 111 S. Ct. 2858 (1991).

<u>REQUEST NO. 7</u>

<u>Count One: Narcotics Conspiracy - Overt Acts</u>

Count One of the Indictment also contains paragraphs entitled "overt acts." These "overt acts" provide examples of conduct undertaken by alleged members of the conspiracy to further or promote the illegal objectives of the charged conspiracy. That portion of the Indictment alleges:

> **[The Court is respectfully requested to read the "OVERT ACTS" section of Count One.]**

It is not necessary for the Government to prove that the specified overt acts alleged were committed, so long as the Government proves, as I have explained, the existence of each conspiracy charged in the Indictment and that the defendant was a knowing and intentional member in the conspiracy. Indeed, it is not necessary for the Government to allege or prove even one overt act on the part of the defendant.

> As noted previously, under 21 U.S.C. § 846, it is not necessary for the Government to allege or prove even one overt act. <u>See</u> <u>United States</u> v. <u>Shabani</u>, 115 S.Ct. 382, 385 (1994) (Government need not prove commission of any overt acts in furtherance of conspiracy in violation of section 846 conspiracy); <u>United States</u> v. <u>Story</u>, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willful joining it."); <u>United States</u> v. <u>Knuckles</u>, 581 F.2d 305, 311 (2d Cir.), <u>cert. denied</u>, 439 U.S. 986 (1978).

23

<u>REQUEST NO. 8</u>

<u>Count One: Narcotics Conspiracy: Time of Conspiracy</u>

Count One alleges that the conspiracy existed from at least in or about 2002 up to and including in or about July 2006. It is not essential that the Government prove that the conspiracy alleged started and ended on any specific dates. Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time around the dates that I just mentioned.


Adapted from the charge of the Honorable
John F. Keenan in <u>United States v. Carrero</u>,
91 Cr. 365 (S.D.N.Y. 1991); Sand, Modern
Federal Jury Instructions, Instr. 3-12.

24

REQUEST No. 9

Count One: Narcotics Conspiracy – Special Interrogatory on Drug
Quantity

If, and only if, you find that the Government has
proven the two elements beyond a reasonable doubt – the existence
of each conspiracy and the defendant's membership in that
conspiracy – then you have found the defendant guilty of Count
One of the Indictment, and you should indicate your verdict on
the verdict form, which I will provide to you.

If you find the defendant guilty, you will then be
asked to determine whether it was reasonably foreseeable to the
defendant that the conspiracy involved particular quantities of
heroin.  You do not need to determine the precise quantity of
drugs involved in Count One.  Rather, you need only decide
whether more than certain specified amounts of heroin were
involved.  As you will see, you will be required to indicate on
the verdict form whether the Government has established beyond a
reasonable doubt that it was reasonably foreseeable to the
defendant that the object of the conspiracy charged in Count One
of the Indictment was to distribute or possess with intent to
distribute a) one kilogram or more of heroin; or b) at least 100
grams but less than one kilogram of heroin.

All of your findings regarding quantity must be
unanimous and beyond a reasonable doubt.  You will be given a

25

verdict sheet on which to record the jury's answer to this question.

> Adapted from the charge given in <u>United States</u> v. <u>Encarnacion</u>, 02 Cr. 1126 (RMB). <u>See also</u> <u>Apprendi</u> v. <u>New Jersey</u>, 120 S.Ct. 2348 (2000); <u>United States</u> v. <u>Thomas</u>, 274 F.3d 655 (2d Cir. 2001); <u>United States</u> v. <u>Martinez</u>, 987 F.2d 920, 922 (2d Cir. 1993) ("The late-entering co-conspirator should be sentenced on the basis of the full quantity of narcotics distributed by the conspiracy only if, when he joined the conspiracy, he could reasonably foresee the distributions of future amounts, or reasonably should have known what the past quantities were.").

REQUEST NO. 10

Venue

In addition to the elements I have described for you, you must decide whether the agreement or any act in furtherance of the conspiracy charged occurred within the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, and Westchester, among other counties, and the waters surrounding the island of Manhattan.

In this regard, the Government need not prove that the crime was committed in this District or that the defendant himself was present here.

With respect to a charge of conspiracy, it is enough if the Government proves that any act in furtherance of the conspiracy was committed in this District.  It does not matter whether that act was committed by the defendant or by a co-conspirator.

I should note that on this issue -- and this alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that the agreement or an act in furtherance of the conspiracy occurred in this District.

27

If, on the other hand, you find that the Government has failed to prove this venue requirement, then you must acquit the defendant.

> Adapted from the charge of the Honorable Charles S. Haight, Jr. in <u>United States</u> v. <u>Rogers</u>, 90 Cr. 377 (CSH) (S.D.N.Y. 1991) (wire fraud), and from Sand <u>et al</u>., <u>Modern Federal Jury Instructions</u>, Instr. 3-11.

> <u>See</u> 18 U.S.C. § 3237 (general venue provision for offenses beginning in one district and ending in another, including mail fraud). <u>See also</u> <u>United States</u> v. <u>Gonzalez</u>, 922 F.2d 1044, 1054-55 (2d Cir.) (affirming that venue is governed by a preponderance standard), <u>cert. denied</u>, 502 U.S. 1014 (1991).

28

REQUEST NO. 11

Video Recordings and Transcripts

The Government **[*If applicable*: and the defense]** has offered evidence in the form of video recordings.  I instruct you that these recordings were made in a lawful manner, that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

Thus, regardless of any personal opinions, you must give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the guilt of the defendant of the defendant that you are considering beyond a reasonable doubt.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Pignatiello, 96 Cr. 1032, Tr. 1626 (S.D.N.Y. 1999) and the charge of the Honorable Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992); and the charge of the Honorable Morris E. Lasker in United States v. Hilliard, 82 Cr. 143, Tr. 1873-79, aff'd, 701 F.2d 1052 (2d Cir.); United States v. Bonnano, 487 F. 2d 654 (2d Cir. 1973); United States v. Horton, 601 F.2d 319 (7th Cir.); United States v. Rich, 518 F.2d 980 (8th Cir, 1976).

In connection with these video recordings, the Government **[*If applicable*: and the defense]** has been permitted to hand out transcripts of the conversations contained on the video recordings.  Those transcripts were given to you as aids – or guides – in listening to the video recordings.  However, they are

29

not in and of themselves evidence.  The videos are in evidence,
and the transcripts are only for your assistance.  Therefore,
when the videos were played, I advised you to listen very
carefully to the videos themselves.  You alone should make your
own interpretation of what appears on the videos based on what
you heard.  If you think you heard something different than what
appeared on the transcript, then what you heard is controlling.

> Adapted from the charge of the Honorable
> Leonard B. Sand in United States v.
> Pignatiello, 96 Cr. 1032, Tr. 1626-27
> (S.D.N.Y. 1999); see also United States v.
> Llinas, 603 F.2d 506, 508-09 (5th Cir. 1979);
> United States v. Vasquez, 605 F.2d 1269, 1272
> & n.4 (2d Cir. 1979).

*Defendant's Objections/Proposed Language*

*The defendant objects to the use of the word
"conversations" in this charge.  In addition, the defendant
objects on the ground that the charge is only necessary in the
vent that the court deems the video recordings admissible over
the defendant's objection.*

30

REQUEST NO. 12

Admissions By Defendant
(If Applicable)

There has been evidence that the defendant made statements to law enforcement authorities.

Evidence of these statements was properly admitted in this case, and may be properly considered by you.  I instruct you that you are to give the statements such weight as you feel they deserves in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations.  I instruct you that the statements were both made and obtained in a lawful manner, that no one's rights were violated, and that the government's use of this evidence is entirely lawful.

> Adapted from Sand et al., Modern Federal Jury
> Instructions, Instr. 5-19 and – with respect
> to the third paragraph – the charge of Hon.
> Michael B. Mukasey in United States v. Abdul
> Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y.
> 1999) (in context of government's use of tape
> recordings).

Defendant's Objections/Proposed Language

The defendant objects to the inclusion of this charge.

31

REQUEST NO. 13

Consciousness of Guilt:  False Exculpatory Statements

You have heard testimony that the defendant made certain statements in which he claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements in which the defendant attempted to exonerate himself are false. **[The defense claims ____ *(defense to add at charge conference, if desired)].***

False exculpatory statements can be circumstantial evidence of a defendant's consciousness of guilt and can have independent probative value.  If you find that the defendant made a false statement in order to divert suspicion from himself, you may, but are not required to, draw the conclusion that the defendant believed that he was guilty.  You may not, however, draw the conclusion on the basis of this alone, that the defendant is in fact guilty of the crimes that he is charged with.

Whether or not the evidence as to the defendant's statements shows he believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

> Adapted from Sand, <u>Modern Federal Jury
> Instructions</u>, Instr. 6-11.  <u>See</u> <u>United States
> v. Gaviria</u>, 740 F.2d 174, 184 (2d Cir. 1984)
> ("[F]alse exculpatory statements made to law
> enforcement officials are circumstantial
> evidence of a consciousness of guilt and have

32

independent probative force") (quoting <u>United States</u> v. <u>Johnson</u>, 513 F.2d 819, 824 (2d Cir. 1975)).

<u>*Defendant's Objections/Proposed Language*</u>

*The defendant objects to the inclusion of this charge.*

REQUEST NO. 14

Expert Testimony
(If Applicable)

You have heard testimony from what we call expert witnesses.  They are witnesses who by education or experience have acquired learning or experience in a science or a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be expert and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, of if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find that the opinion of an

34

expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt [his/her] conclusions, you would be justified in placing great reliance on [his/her] testimony.

> Adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and from the charge of Judge Michael B. Mukasey in United States v. Mensah, 91 Cr. 705 (MBM) (S.D.N.Y. 1991).

REQUEST NO. 15

Stipulations Of Testimony
(If applicable)

In this case you have heard evidence in the form of stipulations of testimony. A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect to be given that testimony.

Adapted from Sand, Modern Federal Jury Instructions; Criminal, Instruction 5-7.

36

REQUEST NO. 16

Stipulation Of Facts
(If Applicable)

In this case you have also heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

Adapted from Sand, Modern Federal Jury Instructions; Criminal, Instruction 5-6.

37

REQUEST NO. 17

Accomplice/Cooperating Witness Testimony

You have heard from a witness who testified that he was actually involved in planning and carrying out the crimes charged in the Indictment, and another witness who testified as to statements the defendant made while in prison.  There has been a great deal said about these so-called "cooperating" witnesses in the summations of counsel and whether or not you should believe them.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in the alleged crimes at issue, and/or in other crimes.  The Government must take its witnesses as it finds them, and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such cooperating witnesses is properly considered by the jury.  If such witnesses could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of cooperating witness testimony.  Indeed, it is the law in federal courts that the testimony of a cooperating witness may be enough

38

in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

However, because of the possible interest a cooperating witness may have in testifying, a cooperating witness's testimony should be scrutinized with special care and caution.  The fact that a witness is an accomplice to the charged crimes and/or has participated in other crimes can be considered by you as bearing upon his credibility.  However, it does not follow that simply because a person has admitted in participating in one or more crimes, that he is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness' demeanor, candor, the strength and accuracy of a witness' recollection, his background and the extent to which his testimony is or is not corroborated by other evidence in the case.

You may consider whether a cooperating witness -- like any other witnesses called in this case -- has an interest in the outcome of the case, and if so, whether it has affected his testimony.

You heard testimony about an agreement between the Government and the cooperating witness.  I must caution you that

39

it is no concern of yours why the Government made an agreement with a particular witness.  Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether this cooperating witness would benefit more by lying, or by telling the truth.  Was the testimony made up in any way because the cooperating witness believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth?  Did this motivation color his testimony?

If you find that the testimony was false, you should reject it.  However, if, after a cautious and careful examination of the accomplice witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may

40

disregard all of it.  That is a determination entirely for you, the jury.

> Adapted from Sand, <u>Modern Federal Jury Instructions; Criminal</u>, Instruction 7-5; from the charge of the Honorable John F. Keenan in <u>United States</u> v. <u>Carrero</u>, 91 Cr. 365 (S.D.N.Y. 1991); and from the charge in <u>United States</u> v. <u>Projansky</u>, 465 F.2d 123, 136-37 n.25 (2d Cir.) (specifically approving charge set forth in footnote), <u>cert. denied</u>, 409 U.S. 1006 (1972).

> <u>See United States</u> v. <u>Gleason</u>, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted), <u>cert. denied</u>, 444 U.S. 1082 (1980), and <u>United States</u> v. <u>Cheung Kin Ping</u>, 555 F.2d 1069, 1073 (2d Cir. 1977) (same).  <u>See also United States</u> v. <u>Swiderski</u>, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

<u>*Defendant's Objections/Proposed Language*</u>

*The defendant requests that the "accomplice testimony" charge on pages 24 - 27 of the charges used by the Court in <u>United States</u> v. <u>Shawn Young</u>, though admittedly similar to the Government's proposed charge, be used instead of the Government's proposed charge.*

41

REQUEST NO. 18

Accomplice Testimony -- Guilty Plea

You have heard testimony that the cooperating witness pleaded guilty to charges arising out of the same facts as this case.  You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a prosecution witness pled guilty to similar charges.  The decision of each witness to plead guilty was a personal decision about his own guilt.  It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

United States v. Ramirez, 973 F.2d 102, 104-06 (2d Cir. 1992) (specifically approving charge and holding that it is reversible error not to give such a charge if requested, unless there is no significant prejudice to defendant).

42

<u>REQUEST NO. 19</u>

<u>Defendant's Right Not to Testify</u>
(If Requested By Defense)

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand <u>et</u> <u>al</u>., <u>Modern Federal Jury Instructions</u>, Instruction 5-21.

<u>*Defendant's Objections/Proposed Language*</u>

*The defendant requests that the following language be added to the standard charge given by the Court:*

*"The defendant is not required to present any evidence at all. He is never required to prove that he is innocent. The right of a defendant not to testify is an important part of our*

43

Constitution.  As the Supreme Court of the Untied States has said:

> It is not every one who can safely venture on the witness stand though entirely innocent of the charges against him.  Excessive timidity, nervousness when facing others and attempting to explain transactions of a suspicious character, and offenses charged against him, will often confuse and embarrass him to such a degree as to increase rather than remove any prejudice against him.  It is not everyone, however honest, who would therefore willingly be placed on the witness stand.

Defendant Tremain Tazewell did not testify.  The law requires that you may not attach any significance to that fact.  No adverse inference may be drawn against him because he did not take the witness stand and testify.  You may not consider this against the defendant in any way in your deliberations in the jury room."

REQUEST NO. 20

Defendant's Testimony
(Requested Only If the Defendant Testifies)

The defendant testified at trial.  You should examine and evaluate the defendant's testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from United States v. Gaines, 457 F.3d 238, 249 (2d Cir. 2006).

45

REQUEST NO. 21

Character Testimony

(If Applicable)

You have heard testimony that the defendant [description of testimony:  e.g., has a good reputation for honesty in the community where he lives and works and for truthfulness].

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's honesty and truthfulness when you decide whether the Government has proven, beyond a reasonable doubt, that the defendant committed the crime.

> Adapted from the charge in United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).
>
> [A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal.  United States v. Pujana-Mena, supra, 949 F.2d at 27-31 (strongly criticizing such charges as "potentially misleading and confusing").  The Second Circuit notes that "[I]t might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted.  Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime.  In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand." Id. at 30 (citations omitted).]

46

REQUEST NO. 22

Persons Not On Trial Or Not Indicted

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that any person other than the defendant is not on trial here. You may also not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

You may also not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that certain persons were not named as defendants in the Indictment. The circumstances that these persons were not indicted must play no part in your deliberations. Whether a person should be named as a co-conspirator or indicted as a defendant is a matter within the sole discretion of the United States Attorney and the Grand Jury. Therefore you may not consider it in any way in reaching your verdict as to the defendant on trial.

> Adapted from Judge Werker's charge in United States v. Barnes et al., S 77 Cr. 190 (Nov. 29, 1977), aff'd, 604 F.2d 121 (2d Cir. 1979), cert. denied, 446 U.S. 907 (1980).
>
> Adapted from Judge Pollack's charge in United States v. Bynum, 71 Cr. 1169 (S.D.N.Y. 1971), And from Sand, et al., Modern Jury Instructions, Instruction 3-4.

47

<u>*Defendant's Objections/Proposed Language*</u>

*The defendant requests that the "persons not on trial" charge on page 22 of the charges used by the Court in <u>United States</u> v. <u>Shawn Young</u> be used instead of the Government's proposed charge.*

REQUEST NO. 23

Particular Investigative Techniques Not Required

You have heard reference, in the arguments and cross-examinations of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

       Adapted from the charge of Judge Pierre N.
       Leval in United States v. Mucciante, 91 Cr.
       403 (PNL) (S.D.N.Y. 1992), and from the
       charge of Judge John F. Keenan in United
       States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y.
       1992).

REQUEST NO. 24

Law Enforcement Witnesses

You have heard the testimony of law enforcement witnesses, including police officers and detectives from the New York City Police Department and special agents with the federal Bureau of Alcohol, Tobacco and Firearms.  The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 7-16.

50

<u>REQUEST NO. 25</u>

<u>Use Of Evidence Obtained Pursuant To Search</u>

You have heard testimony about certain evidence that was seized in connection with various searches. Evidence obtained from these searches was properly admitted in this case, and may be considered by you. I instruct you that there was nothing unlawful or unconstitutional about any of the searches that you have heard about. Whether you approve or disapprove of how this evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.

Adapted from the charges of the Hon. Pierre N. Leval in <u>United States</u> v. <u>Ogando</u>, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), <u>aff'd</u>, 968 F.2d 146 (2d Cir. 1992) and in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

REQUEST NO. 26

Uncalled Witness -- Equally Available to Both Sides

(If Applicable)

Both the Government and the defendant have the same power to subpoena witnesses to testify on their behalf.  If a potential witness could have been called by the Government or by the defendant and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the Government or to the defendant or to both.

On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call a witness.

You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

> Adapted from the charge of Judge Kenneth Conboy in United States v. Lew, 91 Cr. 361 (KC) (S.D.N.Y. 1991) and from Sand, Modern Federal Jury Instructions; Criminal, Instruction 6-7.  See generally United States v. Erb, 543 F.2d 438, 444 (2d Cir.) (discussing propriety of missing witness charges), cert. denied, 429 U.S. 981 (1976).

> "[W]hen a witness is equally available to both sides, 'the failure to produce is open to an inference against both parties.'  No instruction is necessary where the

52

unpresented testimony would be merely
cumulative." <u>United States</u> v. <u>Torres</u>, 845
F.2d 1165, 1169 (2d Cir. 1988) (citations
omitted) (emphasis in original). <u>See also</u>
<u>United States</u> v. <u>Nichols</u>, 912 F.2d 598, 601
(2d Cir. 1990) (whether to give charge is
committed to discretion of trial judge;
generally discussing applicable standards).

<u>*Defendant's Objections/Proposed Language*</u>

*The defendant requests that the "uncalled witnesses"
charge on pages 31-32 of the charges used by the Court in <u>United
States</u> v. <u>Shawn Young</u> be used instead of the Government's
proposed charge.*

REQUEST NO. 27

Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness' credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness' preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Charge of Hon. Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999); of Hon John G. Koeltl in United States v. Brooks, 99 Cr. 1027 (S.D.N.Y. December 14, 1999); and of Hon. Loretta A. Preska, United States v. Allen, 99 Cr. 929 (LAP) (S.D.N.Y. 2000).

54

REQUEST NO. 28

Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to the single count of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

55

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open Court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.


Adapted from the charge of the Honorable Arnold Bauman in <u>United States</u> v. <u>Soldaro</u>, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973); <u>see also</u> <u>United States</u> v. <u>Corr</u>, 75 Cr. 803, Tr. 5425-26 (S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1970).

Dated:    New York, New York
          August 15, 2008


                         Respectfully submitted,

                         MICHAEL J. GARCIA
                         United States Attorney for the
                         Southern District of New York

                         Attorney for the United States
                         of America


               By:    _____/s/ Antonia Apps_____
                      ANTONIA M. APPS/KENNETH POLITE
                      Assistant United States Attorneys
                      Tel.: (212) 637-2198/2412


                                  57

## CERTIFICATE OF SERVICE

       Antonia M. Apps deposes and says that she is employed in the Office of the United States Attorney for the Southern District of New York, and that on August 15, 2008, she caused a copy of the within Parties' Joint Requests to Charge to be served on Sanford Talkin, Esq. by causing a copy of same to be delivered by via email.

       Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


                  __/s/ Antonia Ap_____
                  Antonia M. Apps

Dated:    August 15, 2008