UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

            - v. -                  :

TREMAIN ARRNEL TAZEWELL,            :    07 Cr. 1035 (RMB)
        a/k/a "Roc,"
        a/k/a "Slim,"               :

            Defendant.              :

- - - - - - - - - - - - - - - - - -x

### THE GOVERNMENT'S PROPOSED EXAMINATION
### OF PROSPECTIVE JURORS

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the United States
    of America

ANTONIA M. APPS,
KENNETH POLITE
    Assistant United States
    Attorneys - Of Counsel


SANFORD TALKIN
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

          - v. -                    :

TREMAIN ARRNEL TAZEWELL,            :        07 Cr. 1035 (RMB)
     a/k/a "Roc,"
     a/k/a "Slim,"                  :

                    Defendant.      :

- - - - - - - - - - - - - - - - - -x

### THE GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

          The Government respectfully requests that the Court
include the following questions in its examination of prospective
jurors pursuant to Rule 24(a) of the Federal Rules of Criminal
Procedure.  The Court is requested to pursue more detailed
questioning if a particular juror's answer reveals that further
inquiry is appropriate and, in such an instance, to conclude with
an inquiry whether the particular fact or circumstance would
influence the juror in favor of or against either the Government
or the defendant, or otherwise affect the juror's ability to
serve as a fair and impartial juror in this case.

### The Charge

          1.   This is a criminal case.  The defendant in this
case, TREMAIN ARRNEL TAZEWELL, a/k/a "Roc," a/k/a "Slim," has
been charged with the commission of federal crimes in an

Indictment filed by a grand jury sitting in this district.  The
Indictment is not evidence itself.  It simply contains the
charges that the Government is required to prove to the
satisfaction of the trial jury beyond a reasonable doubt. Those
of you selected to sit on this jury will receive a detailed
explanation of the charges at the conclusion of the case, but I
would like to give you a brief summary of the charges so that we
can determine whether there is anything about the charges that
would make it impossible for you to sit as a fair and impartial
juror.

      This case involves narcotics trafficking.  The
Indictment contains one count.  Count One charges the defendant
with conspiring with others to distribute or possess with intent
to distribute heroin, from in or about 2002 up to and including
in or about July 2006.

      2.   Does any juror have any personal knowledge of the
charges in the Indictment as I have described them?

      3.   Does any juror feel that he or she could not view
fairly and impartially a case involving such charges?  Has any
juror formed an opinion that the actions charged in the
Indictment, as I have described them to you, should not be
crimes?

4.    Do any of you have any opinion about the enforcement of federal laws generally that might prevent you from being fair and impartial in this case?

5.    Do any of you believe that the unlawful distribution of narcotics should not be illegal, or that the laws governing these crimes should not be enforced?  Would any of you have difficulty following the law on narcotics violations as I will instruct you on it?

6.    Has any juror been involved in an offense involving narcotics?  Has any juror's relative, close friend or associate been involved in an offense involving narcotics?  Has any juror, or any member of a juror's family, or any juror's close friend, had any experiences of any kind, directly or indirectly, with narcotics?

## Knowledge of the Trial Participants

7.    As I mentioned a moment ago, the defendant in this case is TREMAIN ARRNEL TAZEWELL, a/k/a "Roc," a/k/a "Slim."  Does any juror know, or has he or she had any dealings, directly or indirectly, with the defendant, or with any relative, friend or associate of the defendant?

8.    Does any juror have any relatives, friends, associates, employers or employees who know or who have any dealings with the defendant, or with any relative, friend or associate of the defendant?

9.    TREMAIN TAZEWELL is represented by his attorney, Sanford Talkin.  Do any of you know Mr. Talkin?  Has any juror had any dealings with Mr. Talkin, either directly or indirectly?

10.    The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Michael J. Garcia.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Kenneth Polite and Antonia Apps.  [PLEASE ASK THE AUSAs TO STAND].  They will be assisted throughout the trial by Damian Vega, a Special Agent with the Department of Homeland Security, Immigration and Customs enforcement, and Samantha Dworken, a paralegal in the U.S. Attorney's Office.  [PLEASE ASK THE AGENT AND PARALEGAL TO STAND].  Do any of you know Mr. Garcia, Mr. Polite, Ms. Apps, Special Agent Vega, or Ms. Dworken?  Have any of you had any dealings, either directly or indirectly, with any of these individuals?

11.    Does any juror know, or has any juror had any dealings, either directly or indirectly, with any of the following persons who may be witnesses or whose names may be mentioned in this case:

[*The Government will provide a list of names prior to trial.*]

12.   Does any juror know, or is any juror familiar with, either directly or indirectly, any of the following locations that may be mentioned in this case:

[*The Government will provide a list of places prior to trial.*]

### Relationship With Government

13.   You will hear that this case was investigated by the United States Attorney's Office for the Southern District of New York, the Department of Homeland Security, Immigration and Customs Enforcement, the Drug Enforcement Administration, and the Baltimore City Police Department.  Does any juror know, or have any association -- professional, business, or social, direct or indirect -- with any member of these law enforcement agencies? Is any member of your family employed by any law enforcement agency, whether federal, state or local?

14.   Has any juror -- either through any experience he or she has had or anything he or she has seen or read -- developed any bias or prejudice for or against the United States Attorney's Office, the Department of Homeland Security, Immigration and Customs Enforcement, the Drug Enforcement Administration, or the Baltimore City Police Department?

15.   Have you, or has any member of your family, either as an individual or in the course of his or her business, ever been a party to any legal action or dispute with the United States or any of the officers, departments, agencies, or

employees of the United States – including the Internal Revenue Service – or had any interest in any such legal action or dispute or its outcome?  More specifically, have you, or has any member of your family, ever had a dispute concerning payment of money owed to you by the Government?

### **Prior Jury Service**

16.  Have you ever at any time served as a member of a grand jury, whether in federal, state, county or city court?  If so, when and where?

17.  Have you ever served as a juror in a trial in any court?  If so, in what court did you serve and was it a civil or criminal case?  What type of case was it?  Did the jury reach a verdict?

### **Experience as a Witness, Defendant, or Crime Victim**

18.  Has any juror or any relative or close friend ever been involved or appeared as a witness in any investigation by a federal or state grand jury or by a Congressional or state legislative committee, licensing authority, or Governmental agency, or been questioned in any matter by a federal, state, or local law enforcement agency?

19.  Have you or has a relative or close friend ever been a witness or a complainant in any hearing or trial, state or local or federal?

20.   Are you, or is any member of your family, or a close friend, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

21.   Have you, or has any member of your family, any associate or close friend, ever been charged with a crime?

22.   Have you or any relative, associate, or close friend ever been the subject of any investigation or accusation by any federal or state grand jury?

23.   Have you or any friend or relative ever been a victim of a crime?

### Views On Witnesses

24.   <u>Law Enforcement Personnel</u>:  The witnesses in this case will include, among others, Federal agents and Baltimore City police officers.  Would you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer?

25.   <u>Accomplice Witnesses</u>.  You may hear testimony in this case from an accomplice witness, that is, a witnesses who at one time was involved in illegal activity, but who has now pled guilty to various crimes and is testifying on behalf of the Government pursuant to a cooperation agreement.  I instruct you that the use of such accomplice witnesses is perfectly legal and is often a necessary law enforcement tool.  Do any of you have any experience with or feelings about the use of accomplice

witnesses generally, or the use of evidence or information obtained from accomplice witnesses, that would make it difficult for you to render a fair and impartial verdict if you heard testimony from an accomplice witness?

   26. <u>Consensual Recordings</u>.  Some of the evidence may also consist of recordings of conversations in which one party was consenting to the recording, but the other person was not aware of the recording.  As with the wiretaps, I instruct you that these conversations were lawfully recorded and that no one's rights were violated.  Accordingly, such evidence is admissible in this case.  Nevertheless, do you have strong feelings about the use of such recordings of conversations – where one party knows about the recording but the other does not – that might affect your ability to function as a fair and impartial juror in this case?

<b><u>Persons Not On Trial</u></b>

   27. The defendant is charged with acting together with others in the commission of the charged crimes.  Those other individuals are not on trial here.  You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from that fact.  You also may not speculate as to the reason why other persons are not on trial.  Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

## Other Questions

28.   Does any juror have a problem with his or her
hearing or vision which would prevent him or her from giving full
attention to all of the evidence at this trial?  Is any juror
taking any medication which would prevent him or her from giving
full attention to all the evidence at this trial?  Does any juror
have any difficulty in reading or understanding English in any
degree?

## Function of the Court and Jury

29.   The function of the jury is to decide questions of
fact.  You are the sole judges of the facts and nothing that the
Court or the lawyers say or do may encroach in any way on your role
as the exclusive fact finders.  However, when it comes to the law
you must take your instructions from the Court and you are bound by
those instructions.  You may not substitute your notions of what
the law is or what you think it should be.  At the conclusion of
the case, your job will be to determine whether or not each
defendant is guilty as charged in the Indictment.

30.   Does any juror have any bias or prejudice that might
prevent or hinder him or her from accepting the instructions of the
law that I will give you in this case?

31.   Will each juror accept the proposition that the
question of punishment is for the Court alone to decide and that

the possible punishment must not enter into the deliberation of the jurors as to whether the defendant on trial here is guilty?

32.  It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Is there any juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict against the defendant for reasons unrelated to the law and the evidence?

33.  Does any juror have any religious, philosophical or other belief which would make him or her unable to render a guilty verdict for reasons unrelated to the law and the evidence?

### **Other Biases**

34.  In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior questions, does any juror have the slightest doubt in his or her mind, for any reasons whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

### **Juror's Background**

35.  The Government respectfully requests that the Court ask each juror to state the following information:

(a)  the juror's occupation;

(b)  the name of the juror's employer;

(c)  the period of employment with that employer;

(d)  the nature of the juror's work;

(e)  the same information concerning other employment within the last five years;

(f)  the same information with respect to the juror's spouse and any working children;

(g)  the area in which the juror currently resides and any other area in which the juror has resided during the last five years;

(h)  the educational background of the juror, including the highest degree obtained;

(i)  the juror's hobbies;

(j)  the names of the newspapers and magazines the juror reads; and

(k)  the names of the television programs the juror regularly watches.

### Requested Instruction Following
### Impaneling of the Jury

36.  From this point on until you retire to deliberate on your verdict, it is your duty not to discuss this case and not to remain in the presence of other persons who may be discussing this case.  This rule about not discussing the case with others includes discussions even with members of your own family or friends.

37.  If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about

this case, either in or out of the courthouse, you should immediately report such an attempt to me.

38. In this regard, let me explain to you that the attorneys in a case are not supposed to talk to jurors, even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom they will, and should, ignore you.  Please do not take offense.  They will only be acting properly by doing so.

Dated:     New York, New York
           August 15, 2007

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York,
                              Attorney for the United States
                                   of America


                         By: __/s/ Antonia Apps_____
                              ANTONIA M. APPS/KENNETH POILTE
                              Assistant United States Attorneys
                              Tel.:  (212) 637-2198/2412

### CERTIFICATE OF SERVICE

Antonia M. Apps deposes and says that she is employed in the Office of the United States Attorney for the Southern District of New York, and that on August 15, 2008, she caused a copy of the within The Government's Proposed Examination of Prospective Jurors to Charge to be served on Sanford Talkin, Esq. by causing a copy of same to be delivered by via email.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


_____/s/ Antonia Apps_____
Antonia M. Apps

Dated:    August 15, 2008