TALKIN, MUCCIGROSSO & ROBERTS, L.L.P.
ATTORNEYS AT LAW
40 EXCHANGE PLACE
18TH FLOOR
NEW YORK, NEW YORK 10005

(212) 482-0007 PHONE
(212) 482-1303 FAX
WWW.TALKINLAW.COM
EMAIL: INFO@TALKINLAW.COM

MARYLAND OFFICE:
5100 DORSEY HALL DRIVE
SUITE 100
ELLICOTT CITY, MD 21042
410-964-0300

NEW JERSEY OFFICE:
79 MAIN STREET
SUITE ONE
HACKENSACK, NJ 07601
201-342-6665

August 22, 2008

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street, Room 650
New York, New York 10007

BY ECF

          Re: *United States v. Tremain Tazewell*
             07-cr-1035 (RMB)

Dear Judge Berman:

  Defendant Tremain Tazewell respectfully submits this letter in opposition to the government's letter dated August 15, 2008, in which it informs the Court of its intention to admit certain evidence against defendant at trial. Specifically, defendant respectfully objects to the admission at trial of (1) evidence of the defendant's prior narcotics distributions convictions, pursuant to Fed. R. Evid. 404(b) ("Rule 404(b)"); and (2) selected segments of the video called "Stop Fucking Snitching."

  **I.**  **Defendant's Prior Convictions**

    **a. The Prior Convictions are Not Admissible Under Rule 404(b).**

  Defendant was convicted of one count of attempted possession of a controlled substance in the third degree in Queens County, New York on December 31, 2001 and two counts of possession of a controlled substance with the intent to manufacture, distribute or dispense on March 13, 2000 in Maryland. The Maryland convictions stem from two separate incidents, one on July 21, 1998 and the other on May 4, 1999. The government has indicated that it intends to off proof of these convictions as evidence of the defendant's "knowledge, intent, and the absence of mistake or accident and to establish ... identity." Government Letter, p.5.

  However, none of the Rule 404(b) bases of admissibility are applicable in the instant case. Rule 404(b) provides that:

    *Evidence of other crimes, wrongs or acts is not admissible to prove*

> *the character of a person in order to show action in conformity there with. It may however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan knowledge, identity, or absence of mistake or accident ....*

Fed. R. Evid. 404(b). In determining whether 404(b) evidence was properly admitted at trial, the Second Circuit considers "whether: (1) the prior act evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the prior act evidence substantially outweighed the danger of its unfair prejudice; and (4) the Court administered a proper limiting instruction. *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002) (holding that the admission of prior narcotics conviction at narcotics trial was an error that was not harmless). The prior conviction evidence in the instant case is not relevant and any even arguably probative value is substantially outweighed by certain unfair prejudice.

In the instant case, Tazewell has entered a general denial as has yet to specifically dispute his knowledge, intent or identity.[1] The Second Circuit has consistently ruled that evidence of knowledge, intent or identity through proof of prior acts is only admissible where a defendant puts those issues into dispute through his defense. Further, "Rule 404(b) does not authorize the admission of any and every sort of other-act evidence simply because the defendant proffers an innocent explanation for the charged conduct." *United States v. Gordon*, 987 F.2d 902, 908 (2d Cir. 1993). "[W]here a defendant claims he did not commit the charged acts, as opposed to claiming that he acted innocently or mistakenly, knowledge and intent, while technically in issue, are not really in dispute." *United States. v. Tarricone*, 996 F.2d 1414, 1420-24 (2d Cir. 1993) [citations and internal quotations omitted]. A defendant can take those issues out of dispute by making a statement to that effect that he does not challenge those issues to the Court. *United States v. Figueroa*, 618 F.2d 934, 942 (2d Cir. 1980). Where a defendant does not make such a declaration and relies on a defense that he "did not do the charged acts at all, evidence of other acts is not admissible for the purpose of proving intent." *United States v. Ortiz*, 857 F.2d 900, 904 (2d Cir. 1988). In *Ortiz*, the Second Circuit held that, had defense counsel not argued the issue of intent during the trial and instead continued to assert a general denial of the charges, evidence of a prior narcotics conviction would not have been admissible at the trial for possession of heroin with intent to distribute. *Id.* Given that Defendant has asserted and intends to maintain at trial that he did not commit any of the charged acts at all, rather than claim an innocent explanation, the evidence of his three prior convictions is entirely inadmissible under Rule 404(b) and the relevant caselaw.

Even where the defendant places knowledge or intent in issue by asserting the defense of lack of knowledge or intent, "evidence of the other act should not be admitted to show knowledge [or intent] unless the other act is 'sufficiently similar to the conduct at issue to permit the jury reasonably to draw from that act the knowledge inference advocated by the proponent of the evidence.'" *Gordon*, 987 F.2d, 908. *[citations omitted]*. In *Gordon*, the trial court permitted evidence of a prior conviction for possession of crack cocaine at the defendant's trial for conspiracy to import cocaine, importing cocaine and possession with intent to distribute. *Id.* at

---

[1] Defendant respectfully alerts the Court that the discovery in the instant case reveals certain conduct allegedly committed by defendant that may require explanation. Although Tazewell contends that explaining such conduct is part of a general denial, asserting these explanations may require revisiting this issue.

907. On appeal, the Second Circuit ruled that the admission of that conviction was in error and granted the defendant a new trial, holding that "the 1990 crack possession did virtually nothing to prove that [the defendant] knew that [the co-conspirator and cooperating witness] was importing narcotics." *Id.* at 909. Indeed, there must be a "close parallel" between the facts of the prior convictions and the facts in issue. *United States v. Corey*, 566 F.2d 429, 431 (2d Cir. 1977). No such parallel existed in *Gordon* because of the disparate weight of narcotics and the fact that the co-conspirator in the case at bar was not involved in the other acts. *Id; see also, United States v. Affehei*, 869 F.2d 670 (2d Cir. 1989) (holding that other act evidence was improperly admitted in narcotics importation conspiracy trial); *see also United States v. Alfonso*, 1995 WL 276198, *2 (S.D.N.Y. 1995) (finding a lack of sufficient similarity where the prior acts involved smaller amounts of narcotics and did not involve the specific type of concealment alleged at trial.) In the instant case, the defendant has not asserted a defense of lack of knowledge or intent, but in the event he does, the prior convictions are not sufficiently similar as to shed light on his knowledge or intent as none involved the alleged co-conspirator and vastly different quantities of narcotics were involved in those cases. The government alleges that the defendant was involved in a purchase of over 5 kilograms of heroin in this case. The weight in the prior convictions does not approach this amount.

### b. The Prior Convictions Evidence is Excludable Pursuant to Rule 403.

Federal Rule of Evidence 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice..." Unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). "The Advisory Committee Notes [to Rule 403] define unfair prejudice as an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Robinson*, 560 F.2d 507, 514 (2d Cir. 1977) (quoting, in part, the Advisory Committee Notes) (internal quotations omitted); *see also, United States v. Qamar*, 671 F.2d 736 (2d Cir. 1982). Thus, Rule 403 protects against "some adverse effect beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995). A district court's rulings regarding the admission of evidence are reviewed for abuse of discretion. *United States v. Flaharty*, 295 F.3d 182 (2d Cir. 2003); *United States v. Fabian*, 312 F.3d 550 (2d Cir. 2002); *United States v. Jones*, 299 F.3d 103, 112 (2d Cir. 2002); *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002).

There is no established methodology for a court to conduct a Rule 403 examination. *United States v. Nachamie*, 101 F.Supp. 2d 134, 141 (S.D.N.Y. 2000). As the government stated in its letter, prior crimes evidence that is strongly emotional or inflammatory poses an obvious "risk of unfair prejudice because it tends to distract the jury from the issues in the case and permits the trier of fact to ... punish the bad man ... despite what the evidence in the case shows actually happened." *United States v. Robinson*, 560 F.2d at 514 (internal quotations omitted). However, all relevant factors must be considered. *Id.* One important factor is that in a Rule 403 analysis, a district court must contemplate that "the potential for prejudice ... is greatly enhanced where ... the prior offense is similar to the one for which the defendant is on trial." *United States v. Puco*, 453 F.2d 539, 542 (2d Cir. 1971). As in *Corey* and *Alfonso*, the prior

crimes evidence and the charged offense in the instant case are very similar on the facts. This similarity creates a significant risk of unfair prejudice to the defendant.

Admission of the prior crimes evidence will lead the jury to convict defendant of the charged crimes based on his specific criminal propensity rather than the evidence at trial. Once a jury learns that Tazewell, a defendant in heroin distribution conspiracy case, has been convicted of distribution heroin on one prior occasion, let alone three times, it defies human nature to request that the jury decide the case on the facts only. He will be viewed as a "bad man" and the presumption of innocence will be shattered. Tazewell will be convicted because he is a past heroin dealer and not because the evidence proves his guilt beyond a reasonable doubt.

A limiting instruction by the Court will not cure this inevitable prejudice. In many cases, the potential for unfair prejudice is tempered by a careful and proper limiting instruction. *United States v. Willaims*, 205 F.3d at 34; *United States v. Livoti*, 196 F.3d at 326. However, "[i]n assessing the risk of prejudice against the defendant, the trial court should carefully consider the likely effectiveness of a cautionary instruction that tries to limit the jury's consideration of the evidence to the purpose for which it was admissible." *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980). If a limiting instruction always insured that the jury would consider the proffered evidence only for the purpose for which it was admitted, the balancing of Rule 403 would never be required. *Id*. As states above, asking a jury to ignore the propensity aspects of the prior convictions requires the jury to undergo impossible mental gymnastics. The unfair prejudice created by their admission cannot be tempered; to expect otherwise defies logic.

In the event that the Court finds that prior crimes evidence is admissible, the risk of unfair prejudice is exacerbated by the admission of all three prior convictions. Each and every purpose for admission set forth in the government's letter is satisfied by the admission of one prior heroin distribution conviction. Any information beyond the single conviction carries no probative value. Evidence of more than one conviction is cumulative and substantially increase the danger of unfair prejudice. The Court of Appeals recognized and warned of this danger in *United States v. Wallach*, 935 F.2d 445, 472 (2d Cir. 1991), when it cautioned that a court "must be careful to consider the cumulative impact of such [other crimes] evidence on the jury and to avoid the potential prejudice that might flow from its admission." Presentation of more than one prior conviction would convince the jury of defendant's propensity to commit crimes and lead them to "punish the bad man" rather than deliberate upon facts of the charged crime.

## II.    The Stop Snitching Video Clips Are Not Admissible

The government also seeks to present video evidence consisting of clips taken from a video made in 2004 in which the defendant appears briefly (the "Video"). Federal Rule of Evidence 403 requires that most of these video clips be excluded from evidence. The clips offer little or no probative value while at the same time they expose defendant to the risk of unfair prejudice.

### a.    The Stop Snitching Clips Are Overly Prejudicial

In general, the clips from the Video fail to meet the standard of Rule 403 because they

present images of little probative value, showing the actions of uncharged individuals, followed by short appearances by the defendant. In addition, even the appearances by the defendant are not tangentially related to drug trade or are subject to extreme interpretation and vague as to be near meaningless. Although the government alleges that "Tazewell is discussing narcotics trafficking," the specified clips do not present any discussion at all, and at best, vague references to narcotics can be inferred from some of the statements of the others seen in the clips. Addressing each of the clips the government intends to play at trial, the defendant's position is as follows:

Track 1: The government intends to offer this clip of limited probative value for the tenuous proposition that the word "street" refers to "selling drugs on the streets." In fact, a majority of this clip presents the defendant talking about a champagne product that is in no way related to the distribution of narcotics. Defendant objects to the admission of this clip on the basis that is wholly irrelevant to a determination of the facts in this case.

Track 2: For the most part, this clip consists of Sherman Kemp emptying his pockets of a significant amount of cash in a barroom. Several individuals are present and comment on the amount of cash being displayed. The defendant is present in the barroom and appears mostly in the background of the video. Though the government alleges that the defendant comments on foreign currency, it is difficult to determine who makes each comment. The defendant appears in this clip very briefly and any statements he makes are wholly irrelevant to the issues in Tazewell's case. Moreover, the actions of Mr. Kemp, central to this clip, if taken to be connected with the defendant by the jury, would be unfairly prejudicial. The defendant says very little, if anything on this clip yet could be unfairly associated with the actions of Mr. Kemp if presented to the jury.

Track 3: Again, Mr. Kemp is presented giving an extended soliloquy about making "street money," as he sits in a bar with a group of people. The only appearance by the defendant is an extremely brief appearance during which he mentions "trash bags." Again, by presenting the statements of Mr. Kemp, a person not on trial in this matter, the government seeks to implicate the defendant in his actions by suggesting in a roundabout manner that the actions of Mr. Kemp are imputed to the defendant. The defendant objects to the admission of this clip in its entirety.

Track 4: Defendant has no objection to Track 4.

Track 5: Defendant objects to the admission of the credits from the end of the Stop Snitching Video. First, the credits naturally include a list of other individuals with whom the government has not alleged the defendant is associated. The presentation of the list of names suggests some connection. Second, defendant had nothing to do with the creation of this list or the use of the nickname, "Roc," in connection with this video. The fact that his name appears in the may lead one conclude that he approved of a played a part in its production. There is no evidence to this effect. Finally, defendant does not contest that he used the nickname, "Roc." As a result, the presentation of this evidence is of very little, if any, probative value.

Each objected-to video clip substantially prejudices the defendant; they associate him

with the conduct and activities of uncharged actors. This association creates a grave risk of unfair prejudice, in that the jury is likely to find a propensity for criminal behavior and base their verdict on that propensity.

### III.    Admissibility for Impeachment Purposes

The Government has also sought the right to use evidence of the defendant's prior convictions for impeachment purposes should the defendant testify in his own defense and deny that he has any familiarity with the heroin distribution business in Baltimore or Columbian heroin distribution in New York/New Jersey. The defendant respectfully reserves argument as to the issue of admissibility of prior convictions for impeachment purposes should the defendant testify as to those issues.

Thank you for Your Honor's consideration of these objections.

Very truly yours,

Sanford N. Talkin

cc:    AUSA Antonia Apps by ECF